# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of: | No. 57449-7-II |
| JEFFREY WILLIAM HOCH, | |
| Petitioner. | UNPUBLISHED OPINION |

LEE, J. — Jeffrey W. Hoch has filed a personal restraint petition (PRP) seeking relief from restraint following the Indeterminate Sentencing Review Board's (ISRB) March 17, 2022 decision finding him not releasable and adding 30 months to his minimum term. However, Hoch's petition is now moot. Accordingly, we dismiss Hoch's petition.

## FACTS

On August 4, 2005, Hoch pleaded guilty to two counts of second degree rape of a child. On September 27, 2005, the superior court sentenced Hoch to a minimum term of 136 months' confinement and a maximum term of life.

On May 21, 2019, Hoch was released from confinement subject to community custody conditions. On September 19, 2020, the ISRB revoked Hoch's release based on several violations.

On March 1, 2022, the ISRB held a hearing to determine whether to release Hoch from confinement. Following the hearing, the ISRB found that Hoch was not releasable and added 30 months' confinement to Hoch's minimum term. Hoch filed a PRP challenging the ISRB's March 17, 2022 releaseability decision.

The ISRB provided a revised releasability decision entered on July 26, 2023. On August 18, 2023, the ISRB moved to dismiss Hoch's petition as moot because Hoch is no longer being restrained by the March 17, 2022 releaseability decision. Hoch did not file a response to the ISRB's motion to dismiss.

ANALYSIS

Hoch filed this PRP challenging the ISRB's March 17, 2022 releasablility decision. The ISRB argues that the petition is moot because the ISRB's March 17, 2022 releasabiltiy decision is no longer restraining Hoch. We agree with the ISRB and dismiss Hoch's petition as moot.

We will dismiss a case if it is moot. RAP 18.9(c). "'A case is moot if a court can no longer provide effective relief.'" *State v. Ross*, 152 Wn.2d 220, 228, 95 P.3d 1225 (2004) (quoting *State v. Gentry*, 125 Wn.2d 570, 616, 888 P.2d 1105, *cert. denied*, 516 U.S. 843 (1995)).

In light of the August 18, 2023 releasability decision, we can no longer grant Hoch effective relief on his challenge to the ISRB's March 17, 2022 releasability decision because that decision is no longer restraining Hoch. The only remedy available in this petition is reversing the ISRB's March 17, 2022 releasability decision and ordering the ISRB to enter a new releasability decision—which has already occurred with the July 26, 2023 releasability decision. Because we cannot provide any effective relief on Hoch's challenge to the ISRB's March 17, 2022 releasability decision, Hoch's petition is moot. Accordingly, we dismiss Hoch's petition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, J.

Cruser, A.C.J.